## Axton-Fisher Tobacco Company v. Landrum.

(Decided March 6, 1928.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

1. Automobiles.—In action for personal injuries sustained by automobile passenger when automobile in which she was riding collided with defendant's truck while automobile was being driven around an automobile parked on right side of road, question whether defendant's negligence concurred with negligence of automobile driver, plaintiff's husband, to produce collision, held for jury.

2. Appeal and Error.—Appellate court should not reverse judgment on ground that verdict is against weight of evidence, unless verdict is so palpably against weight of evidence that there is no reasonable basis on which verdict may be upheld.

3. Automobiles.—In action by automobile passenger for injuries sustained when automobile in which she was riding collided with defendant's truck when automobile was driven around automobile parked on right side of highway, evidence supported jury's verdict that truck driver was negligent and that his negligence concurred with negligence of automobile driver, plaintiff's husband, in bringing about collision.

4. Automobiles.—Automobile driver's right of recovery for damages, sustained when defendant's truck collided with automobile when automobile was driven around automobile parked on right side of highway, was precluded by his negligence in operating car.

O'NEAL & O'NEAL for appellant.

HAGAN & MIX for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

Appellee and her husband were coming into the city of Louisville in an automobile driven by her husband. The driver of one of the trucks belonging to appellant was driving out of the city on the same road. There was a parked automobile on the right of the road as it approached Louisville. Appellee's husband undertook to drive around the parked automobile at about the same time appellant's driver was passing the same point on the other side of the road. In driving around the parked automobile appellee's husband got beyond the white line indicating the center of the road. Some of the witnesses say his wheels were slightly over the white line not more than, five or six inches. Other witnesses say that he was three or four feet over the line. He had not entirely passed the parked automobile when he was struck by the truck of appellant. The collision demolished his automobile and injured appellee.

The evidence fairly well discloses that the driver of appellant's truck saw the car driven by the husband of appellee some distance before it came opposite the parked automobile. There is evidence that the driver of appellant's truck might have avoided the collision if he had pulled a little further to the right. We doubt whether he could have done so, but there is enough evidence in the record as a whole to take the case to the jury on the question of whether there was negligence on the part of the driver of appellant's truck which concurred with the negligence of appellee's husband to produce the collision. If the collision took place when the left wheel of the car driven by appellee's husband was no more than six or eight inches beyond the center of the road, it would appear that if appellant's driver was on his side of the road it would only have been necessary for him to turn his truck a very few inches to the right in order to avoid the collision. This he could have done if he was keeping a proper lookout after he saw that appellee's husband had not stopped to give the truck an opportunity to pass. There is testimony that the truck of appellant was traveling at the rate of 35 miles an hour. Taking the evidence and the physical facts into consideration, there was enough to justify the court in submitting the question to the jury. We are slow to reverse a judgment on the ground that the verdict of the jury is against the weight of the evidence. We should not thus prolong the

final determination of cases unless the verdict of the jury is so palpably against the weight of the evidence that there is no reasonable basis upon which the verdict may be upheld. No error is complained of in the brief filed in behalf of appellants other than lack of sufficient evidence to take the case to the jury or to support the verdict. The jury found that the driver of appellant's truck was negligent and that his negligence concurred with the negligence of appellee's husband in bringing about the collision. It will be observed that the jury allowed nothing to appellee's husband. His right of recovery was precluded by his conduct in the operation of the car. The court told the jury that appellee's right of recovery was precluded by the negligent operation of the car by her husband unless the negligence of appellant's driver concurred in bringing about the collision. We would not be justified in disturbing the verdict of the jury, although the evidence in support of the verdict is not as satisfactory as ought to be expected in such cases.

Judgment affirmed.